IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

**ROBERT BLOBNER**,

      Plaintiff,

vs

**ARTEMIS MARKETING CORP. d/b/a
ROOMS TO GO; ORMOND ATLANTIC
CORP.; ROOMSTOGO.COM, INC.**; and
**R.T.G. FURNITURE CORP.**,

      Defendants.

_____/

**CLASS REPRESENTATION**

Case No.:

Division:

## REQUEST FOR DIVISION ASSIGNMENT

     This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

x Tampa Division
❏ East Division
❏ Prior Division (Please indicate Case Number and Division of previously filed action:_____ )

     I understand that the actual division assignment will be in accordance with the <u>Hillsborough County Administrative Orders</u>. If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: <u>J. DANIEL CLARK</u>

Address: <u>3407 WEST KENNEDY BLVD., TAMPA, FL 33609</u>

Phone Number: <u>(813) 879-0700</u>

Email Addresses: <u>dclark@clarkmartino.com; rsmith@clarkmartino.com</u>

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Robert Blobner</u>
 Plaintiff
              vs.
<u>Artemis Marketing Corp., Ormond Atlantic Corp., ROOMSTOGO.COM, INC., R.T.G. Furniture Corp.</u>
Defendant

---

### II.   TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐  Business governance
  ☐  Business torts
  ☐  Environmental/Toxic tort
  ☐  Third party indemnification
  ☐  Construction defect
  ☐  Mass tort
  ☐  Negligent security
  ☐  Nursing home negligence
  ☐  Premises liability – commercial
  ☐  Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐  Commercial foreclosure $0 - $50,000
  ☐  Commercial foreclosure $50,001 - $249,999
  ☐  Commercial foreclosure $250,000 or more
  ☐  Homestead residential foreclosure $0 – 50,000
  ☐  Homestead residential foreclosure $50,001 - $249,999
  ☐  Homestead residential foreclosure $250,000 or more
  ☐  Non-homestead residential foreclosure $0 - $50,000
  ☐  Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐  Malpractice – business
  ☐  Malpractice – medical
  ☐  Malpractice – other professional
☒ Other
  ☐  Antitrust/Trade Regulation
  ☐  Business Transaction
  ☐  Circuit Civil - Not Applicable
  ☐  Constitutional challenge-statute or ordinance
  ☐  Constitutional challenge-proposed amendment
  ☐  Corporate Trusts
  ☐  Discrimination-employment or other
  ☐  Insurance claims
  ☐  Intellectual property
  ☐  Libel/Slander
  ☐  Shareholder derivative action
  ☐  Securities litigation
  ☐  Trade secrets
  ☐  Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>6</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☒ Yes
- ☐ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ J Daniel Clark</u>      FL Bar No.: <u>106471</u>
      Attorney or party                             (Bar number, if attorney)

<u>J Daniel Clark  06/01/2017</u>
     (Type or print name)                            Date

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**Robert Blobner**                                              Case No.: **17-CA-005167**
Plaintiff(s)

vs

**Artemis Marketing Corp.; Ormond Atlantic Corp.;**
**R.T.G. Furniture Corp.; ROOMSTOGO.COM,**
**INC.**                                                        Division B
Defendant(s)

**SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

**R.T.G. Furniture Corp.**

**11540 Highway 92 East**
**Seffner FL  33584**

     Each defendant is required to serve written defenses to the complaint or petition on **J DANIEL CLARK, Esquire,** plaintiff's attorney, whose address is **CLARK & MARTINO PA   3407 W KENNEDY BLVD  TAMPA FL 33609** within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on June 8, 2017.

Attorney: <u>J DANIEL CLARK, Esquire</u>

Attorney For: Robert Blobner

Address: <u>CLARK & MARTINO PA</u>
<u>3407 W KENNEDY BLVD</u>
<u>TAMPA FL  33609</u>

Florida Bar No: <u>106471</u>

**PAT FRANK**
 As Clerk of the Court

*Dana Caranante*

Dana Caranante, Deputy Clerk
Prepared By:Lisa Mangual, Deputy Clerk
P.O. Box 3360        800 E Twiggs St
Tampa, FL 33601     Room 101
                       Tampa FL 33602
(813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711**.

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

#1349 $2
06/14/17
12:00 am

**Robert Blobner**                     Case No.: **17-CA-005167**
Plaintiff(s)
vs
**Artemis Marketing Corp.; Ormond Atlantic Corp.;**
**R.T.G. Furniture Corp.; ROOMSTOGO.COM,**
**INC.**                                 Division B
Defendant(s)

### SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:
      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this
action on defendant(s)

### ROOMSTOGO.COM, INC.

**11540 US Highway 92 East**
**Seffner FL 33584**

      Each defendant is required to serve written defenses to the complaint or petition on **J DANIEL CLARK, Esquire**,
plaintiff's attorney, whose address is **CLARK & MARTINO PA   3407 W KENNEDY BLVD   TAMPA FL**
**33609** within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately
thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in
the complaint or petition.
**DATED** on June 8, 2017.
Attorney: **J DANIEL CLARK, Esquire**        **PAT FRANK**
Attorney For: Robert Blobner                  As Clerk of the Court
Address: CLARK & MARTINO PA
3407 W KENNEDY BLVD
TAMPA FL 33609                                *Dana Caranante*

Florida Bar No: 106471                        Dana Caranante, Deputy Clerk
                                              Prepared By:Lisa Mangual, Deputy Clerk
                                              P.O. Box 3360         800 E Twiggs St
                                              Tampa, FL 33601       Room 101
                                                                    Tampa FL 33602
                                              (813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one
of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When
suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to participate in this**
**proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact**
**the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa,**
**Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or**
**immediately upon receiving this notification if the time before the scheduled appearance is less**
**than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

*#1349B*
*06/14/17*
*12:0q pm*

**Robert Blobner**
Plaintiff(s)
vs

Case No.: **17-CA-005167**

**Artemis Marketing Corp.; Ormond Atlantic Corp.;**
**R.T.G. Furniture Corp.; ROOMSTOGO.COM,**
**INC.**
Defendant(s)

Division B

**SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

**Artemis Marketing Corp.**

**11540 US Highway 92 East**
**Seffner FL  33584**

     Each defendant is required to serve written defenses to the complaint or petition on **J DANIEL CLARK, Esquire,** plaintiff's attorney, whose address is **CLARK & MARTINO PA   3407 W KENNEDY BLVD  TAMPA FL 33609** within 20¹ days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on June 8, 2017.

Attorney: <u>J DANIEL CLARK, Esquire</u>
Attorney For: <u>Robert Blobner</u>
Address: <u>CLARK & MARTINO PA</u>
<u>3407 W KENNEDY BLVD</u>
<u>TAMPA FL  33609</u>

Florida Bar No: <u>106471</u>

**PAT FRANK**
As Clerk of the Court

*Dana Caranante*

Dana Caranante, Deputy Clerk
Prepared By:Lisa Mangual, Deputy Clerk
P.O. Box 3360     800 E Twiggs St
Tampa, FL 33601    Room 101
                  Tampa FL 33602

(813)276-8100 extension 4365

¹ Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

#1349
06/14/17
12:00 pm

**Robert Blobner**                                    Case No.: **17-CA-005167**
Plaintiff(s)
vs
**Artemis Marketing Corp.; Ormond Atlantic Corp.;**
**R.T.G. Furniture Corp.; ROOMSTOGO.COM,**
**INC.**                                                       Division B
Defendant(s)

### SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:
        **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this
action on defendant(s)

**Ormond Atlantic Corp.**

**11540 HW 92 East**
**Seffner FL  33584**

        Each defendant is required to serve written defenses to the complaint or petition on J DANIEL CLARK, Esquire,
plaintiff's attorney, whose address is **CLARK & MARTINO PA   3407 W KENNEDY BLVD   TAMPA FL**
**33609** within 20¹ days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately
thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in
the complaint or petition.
**DATED** on June 8, 2017.
Attorney: <u>J DANIEL CLARK, Esquire</u>              **PAT FRANK**
Attorney For: <u>Robert Blobner</u>                         As Clerk of the Court
Address: <u>CLARK & MARTINO PA</u>
<u>3407 W KENNEDY BLVD</u>                               *Dana Caranante*
<u>TAMPA FL 33609</u>
                                                                      Dana Caranante, Deputy Clerk
Florida Bar No: <u>106471</u>                              Prepared By:Lisa Mangual, Deputy Clerk
                                                                      P.O. Box 3360              800 E Twiggs St
                                                                      Tampa, FL 33601        Room 101
                                                                                                      Tampa FL 33602
                                                        (813)276-8100 extension 4365
¹ Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one
of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When
suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to participate in this**
**proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact**
**the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa,**
**Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or**
**immediately upon receiving this notification if the time before the scheduled appearance is less**
**than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

Electronically Filed: Hillsborough County / 13th Judicial Circuit

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

_____     CASE NO.:_____

Plaintiff(s)

VS.                                 DIVISION:_____

_____

Defendant(s)

### REQUEST FOR ISSUANCE OF SUMMONS –CIRCUIT CIVIL

This is a request for issuance of service of process by the Clerk of court as follows:

<span style="color:red">*PLEASE NOTE THAT A SEPARATE REQUEST
IS REQUIRED FOR EACH PARTY TO BE SERVED*</span>

---

**Type of Process: (choose one)**

☐ Initial Summons     ☐ Alias Summons     ☐ Pluries Summons

**Type of Summons: (choose one)**

Circuit Court Summons:

Indicate days to respond   ☐ 20   ☐ 30   ☐ 45   ☐ 60     ☐ Other____

Non-Residential Eviction:   ☐ Mailing   ☐ No Mailing

Residential Eviction -       ☐ 5 day only       ☐ 5 day with 20 day attached

☐ Mailing   ☐ No Mailing

---

**Party information:**

Party To Be Served:

Name:

Address:

City/State/Zip:

Email Address to Return Issued Summons:

---

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

_____

Plaintiff(s)

VS.

_____

Defendant(s)

CASE NO.:_____

DIVISION:_____

REQUEST FOR ISSUANCE OF SUMMONS –CIRCUIT CIVIL

This is a request for issuance of service of process by the Clerk of court as follows:

<span style="color:red">*PLEASE NOTE THAT A SEPARATE REQUEST
IS REQUIRED FOR EACH PARTY TO BE SERVED*</span>

---

**Type of Process:  (choose one)**

☐ Initial Summons     ☐ Alias Summons     ☐ Pluries Summons

**Type of Summons:  (choose one)**

Circuit Court Summons:

Indicate days to respond   ☐ 20   ☐ 30   ☐ 45   ☐ 60     ☐ Other____

Non-Residential Eviction:   ☐ Mailing   ☐ No Mailing

Residential Eviction -        ☐ 5 day only        ☐ 5 day with 20 day attached

☐ Mailing   ☐ No Mailing

---

**Party information:**

Party To Be Served:

Name:

Address:

City/State/Zip:

Email Address to Return Issued Summons:

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
## CIVIL DIVISION

**ROBERT BLOBNER**, individually and on
behalf of all those similarly situated,

     Plaintiff,

vs

**ARTEMIS MARKETING CORP.** d/b/a
ROOMS TO GO; **ORMOND ATLANTIC
CORP.; ROOMSTOGO.COM, INC.;** and
**R.T.G. FURNITURE CORP.**,

     Defendants.

_____/

**Class Representation**

Case No.:    17-CA-005167

Division:    B

### NOTICE OF TAKING VIDEOTAPED DEPOSITION DUCES TECUM

**TO:**   **ALL COUNSEL OF RECORD**

    **PLEASE TAKE NOTICE** that Plaintiff, pursuant to Rule 1.310(b)(6) of the Florida

Rules of Civil Procedure, will take the videotaped deposition of the Corporate Representative(s)

of Defendants Artemis Marketing Corp. d/b/a Rooms To Go ("Rooms To Go") and R.T.G.

Furniture Corp. ("RTG"). Defendants Rooms to Go and RTG shall designate the corporate

representative(s) to testify concerning the subject matter of the lawsuit and the issues and topics

listed in **Exhibit A** and produce the documents identified in **Exhibit B**. The deposition shall be

as follows, except as otherwise agreed by counsel for the parties:

| DEPONENT | DATE/TIME | LOCATION |
|---|---|---|
| Corporate Representative, Artemis Marketing Corp. d/b/a Rooms To Go | **TO BE DETERMINED** | **TO BE DETERMINED** |
| Corporate Representative, R.T.G. Furniture Corp. | **TO BE DETERMINED** | **TO BE DETERMINED** |

(To Be Produced)

or as soon thereafter as counsel may be heard, before Richard Lee Reporting, 100 N. Tampa Street, Suite 2060, Tampa, FL, duly designated representative, and shall be videotaped by The Harlow Agency, P.O. Box 320514, Tampa, FL 33679 who are not of counsel to the parties or interested in the event of the cause for the purpose of discovery, for use at trial, or for such purposes as are permitted under the Florida Rules of Civil Procedure and the Florida Statutes, and you are hereby notified of such proceeding and will govern yourself accordingly.

## DEFINITIONS

A.      The "Class Period" is the period of time beginning on June 1, 2012 (the date that is five (5) years prior to the filing of the Class Action Complaint and Demand for Jury Trial ("Complaint") in this action) and continuing until the date of your production of responsive documents.

B.      The term "document" is given the broadest scope and meaning permitted under the Florida Rules of Civil Procedure.  The term includes information that is fixed in any tangible medium whatsoever, and includes – by way of illustration only and not by way of limitation – the following: e-mail or other computer or electronic information; notes; correspondence; communications of any kind; facsimiles; telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; pleadings and other court materials; press releases; drafts of, revisions to, or translations of any document; tape recordings; records; and dictation tapes.  For purposes of these Requests, any document bearing marks on any sheet or side of the document, such as stamped indicia, marginalia, or any comment or notation not part of the original text, is deemed to be a separate document.

C.      The terms "relate," "related to," "relating to," "relate to," "refer," "refer to," "referring," "referring to," "concern," "concerning," and "regarding" mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being chronologically connected to, or mentioning, whether directly or indirectly.

3

D.      The terms "documents that refer to," "documents that relate to," or "documents related to" a specified topic or topics shall include all documents that mention, describe, discuss, memorialize, concern, constitute, contain, evidence, substantiate, reflect, depict, or refer in any way, whether or not on the face of the document, directly or indirectly, to the specified topic or topics.

E.      The term "person" means a natural person, individual, partnership, firm, corporation, association, group, organization, agency, or any other kind of business or legal entity, or the agents or employees of a natural person, individual, partnership, firm, corporation, association, group, organization, agency, or any other kind of business or legal entity.

F.      The term "communication" refers to all meetings, exchanges, conversations, inquiries, discussions, negotiations, agreements, understandings, letters, correspondence, notes, e-mails, voice mails, transmittal of documents, and interactions between parties, whether natural persons or legal entities, through any means.

G.      The term "present" means the latest moment in history.

H.      The terms "you" and "your" refer to Defendants, Artemis Marketing Corp. d/b/a Rooms To Go; Ormond Atlantic Corp.; ROOMSTOGO.COM, Inc.; and R.T.G. Furniture Corp., its predecessors, and all officers, directors, agents, employees, and representatives.

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Request for Production

was **electronically filed** with the Clerk using the Florida Courts E-Filing Portal, and by **Service**

**of Process,** upon the following parties: Artemis Marketing Corp. d/b/a Rooms To Go; Ormond

Atlantic Corp.; ROOMSTOGO.COM, Inc.; and R.T.G. Furniture Corp.

_____
J. Daniel Clark          FBN 0106471
**CLARK & MARTINO, P.A.**
3407 W. Kennedy Boulevard
Tampa, FL 33609
(813) 879-0700
(813) 879-5498 (Facsimile)
Primary email: dclark@clarkmartino.com
Secondary email: rsmith@clarkmartino.com


Christopher S. Polaszek (FBN 0116866)
**THE POLASZEK LAW FIRM PLLC**
3407 W. Kennedy Blvd.
Tampa, FL 33609
Telephone:  (813) 574-7678
Primary email:  chris@polaszeklaw.com


Eric Seidel      (FBN 903205)
**MCINTYRE, THANASIDES BRINGGOLD**
  **ELLIOTT GRIMALDI & GUITO, P.A**.
500 E. Kennedy Blvd., Suite 200
Tampa, FL  33602
(813) 230-4947
(83) 899-6069 (Facsimile)
Primary email:  eric@mcintyrefirm.com

**Attorneys for Plaintiff**

5

## EXHIBIT A

1.    Defendant's general business operations and practices in Florida.

2.    The corporate organizational and ownership structure and management hierarchy of all entities selling bonded leather to Florida consumers.

3.    The business, professional, and ownership structure of all defendants named in the Complaint.

4.    The total or approximate number of putative class members, as defined in the Complaint in the above styled case.

5.    Any insurance policy or policies, indemnification agreements, or other similar contracts issued, purchased, executed, or sold by Defendant applicable for the allegations described in the Complaint.

6.    Your responses and documents produced in response to Plaintiff's requests for production.

7.    Your answers to Plaintiff's interrogatories.

8.    The original customer file for Plaintiff that includes, without limitation, all correspondence, emails, notes, invoices, warranties, repair receipts, demands, notices, or otherwise that reference or concern Plaintiff's purchase of Bonded Leather Furniture from you, repairs to such furniture, and complaints made about such furniture.

9.    Your disputes with other customers regarding Bonded Leather Furniture during the Class Period.

10.   All warranty claims on Bonded Leather Furniture during the Class Period.

11.   Communications with any manufacturer of Bonded Leather Furniture regarding defects, deficiencies, or customer complaints..

12.   Any settlement agreement or other resolution of any claim, case, or demand made or threatened by any of your customers of Bonded Leather Furniture.

13.   Any settlement agreement or other resolution of any claim, case, or demand made or threatened by you against any manufacturer or distributor of Bonded Leather Furniture.

14.   The number of pieces or items of Bonded Leather Furniture (or such other item designation as you use in the regular course of your business) purchased from any manufacturer during the Class Period.

15.   The number of pieces or items of Bonded Leather Furniture (or such other item designation as you use in the regular course of your business) sold by you during the Class Period.

6

16.  All warranties that applied to any pieces or items of Bonded Leather Furniture sold to any person during the Class Period.

17.  Any analysis of the Bonded Leather Furniture sold by you during the Class Period.

18.  Your instructions to employees, sales agents, and other persons for selling Bonded Leather Furniture during the Class Period.

19.  All corporate or management-level decisions and determinations regarding selling Bonded Leather Furniture during the Class Period, including any forecasts, spreadsheets, summaries, studies, directives, and the like.

20.  All policies and/or procedures regarding selling Bonded Leather Furniture during the Class Period, including any policies or procedures for disclosing the type of leather being sold and explaining the warranty given by you with the purchase of such furniture.

21.  Your instructions to employees, customer service representatives, sales agents, and other persons for handling warranty claims or otherwise repairing Bonded Leather Furniture during the Class Period, including any memoranda, sales directives and the like.

22.  Your corporate or management-level decisions and determinations regarding expected warranty claims, expected other claims, the processing and handling of warranty and other claims, and the processing and handling of repairs, exchanges, refunds, or replacements of Bonded Leather Furniture during the Class Period, including any forecasts, spreadsheets, summaries, studies, directives and the like.

23.  Your policies and/or procedures regarding or related to processing and handling warranty and other claims as well as repairs, exchanges, refunds, or returns of Bonded Leather Furniture sold during the Class Period.

24.  Your reserve or other accounting for expected warranty claims, repairs, exchanges, refunds, returns, and the like from sales of Bonded Leather Furniture during the Class Period.

25.  Your decision to stop selling any type of Bonded Leather Furniture, including any memoranda, internal reports, and announcements of any such decision.

26.  The membership for the defined "Class" as alleged in the Complaint.

27.  The total number of sales of Bonded Leather Furniture by you during the Class Period.

28.  The total sales (in financial amounts) of Bonded Leather Furniture by you during the Class Period.

29.  Your internal procedures regarding the handling of customer complaints regarding other types of furniture.

30. Your policies, procedures, or memoranda and guidance provided to your employees regarding other types of furniture.

31. Your policies, procedures, or memoranda and guidance provided to your employees for handling warranty claims regarding other types of furniture.

32. Any contractual relationship between you and any manufacturer or Distributer of Bonded Leather Furniture, including agreements providing for the sale of Bonded Leather Furniture to or by you.

33. Advertisements, brochures, pamphlets, or other marketing materials prepared, distributed, approved, or employed by you during the Class Period to advertise, solicit, or market its business or to inform or educate the general public regarding Bonded Leather Furniture.

34. Advertisements, brochures, pamphlets, solicitations, or other marketing materials provided to you by any manufacturer or distributor of Bonded Leather Furniture during the Class Period.

35. Your document retention, preservation, or destruction policies or procedures in place during the Class Period.

36. The documents described in **Exhibit B**.

8

## EXHIBIT B

1. The original customer file for or relating to Plaintiff that includes, without limitation, all correspondence, contracts, emails, notes, invoices, warranties, repair receipts, demands, notices, or otherwise that reference or concern Plaintiff's purchase of bonded leather furniture from you, repairs to such furniture, and complaints made about such furniture.

2. All documents evidencing any and all statements given by Plaintiff at any time in any form (taped, written, or summarized) regarding the subject matter of the Complaint.

3. All documents purportedly signed by Plaintiff or containing his handwriting.

4. All documents sent to or reflecting communications with any third-party regarding Plaintiff.

5. All documents, including communications, regarding any meetings, discussions, encounters, and/or conversations, whether private or public with Plaintiff.

6. All documents that relate to the bonded leather furniture purchased by Plaintiff.

7. All documents sent to or received from Plaintiff.

8. Documents sufficient to illustrate the corporate, organizational, and ownership structure and management hierarchy of all of your entities selling bonded leather furniture outside the State of Florida.

9. Documents sufficient to illustrate the corporate, organizational, and ownership structure and management hierarchy of all of your entities selling bonded leather furniture in the State of Florida.

10. To the extent not encompassed by the previous request, documents sufficient to illustrate the business, professional, organizational, reporting, and ownership structure of all of the defendants named in the Complaint.

11. Copies of all advertisements, brochures, pamphlets, or other marketing materials created, approved, or employed by you during the Class Period to advertise, solicit, or sell bonded leather furniture.

12. All demands, notices, complaints, notations from telephone conversations, and other documents evidencing similar disagreements or complaints regarding bonded leather furniture received by you from customers or any other person during the Class Period.

13. All documents evidencing warranty claims on bonded leather furniture sold by you, including notations from telephone conversations, work tickets, and repairperson reports.

14. All settlement agreements entered into between you and any consumer, customer, manufacturer, or distributor of bonded leather furniture.

15. Documents sufficient to illustrate the manner in which customers of bonded leather furniture are identified, counted, tracked or otherwise recorded.

9

16.   Documents sufficient to illustrate the number of pieces of bonded leather furniture purchased by you from manufacturers during the Class Period and for the period of one (1) year immediately preceding the Class Period.

17.   Documents sufficient to illustrate the number of bonded leather furniture pieces (or such other item designation as you use in the regular course of your business) sold by you during the Class Period and for the period of one (1) year immediately preceding the Class Period.

18.   Documents sufficient to illustrate the number of bonded leather furniture pieces (or such other item designation as you use in the regular course of your business) returned to you during the Class Period.

19.   Documents sufficient to illustrate the number of customer complaints made or received by you during the Class Period regarding bonded leather furniture.

20.   All warranties issued by you for bonded leather furniture sold to any person during the Class Period.  This requests seeks production of the various versions of warranties issued to consumers within the State of Florida, including as were referenced in any terms and conditions delivered to these consumers or as were included in any brochures or other documents of any kind delivered to consumers.

21.   All documents that reference or concern any analysis regarding, composition, or testing of bonded leather furniture offered for sale or sold by you during the Class Period.

22.   All documents that reference or concern your instructions to your employees, sales agents, and other persons for selling bonded leather furniture during the Class Period, including any memoranda, sales directives and the like.

23.   All documents that reference or concern your corporate or management-level decisions and determinations regarding selling or recall of bonded leather furniture during the Class Period, including any forecasts, spreadsheets, summaries, studies, directives and the like.

24.   All documents that reference or concern your policies and/or procedures regarding or related to selling bonded leather furniture during the Class Period, including any policies or procedures for disclosing the type of leather being sold and explaining the warranty given by you with the purchase of such furniture.

25.   All documents that reference or concern your instructions to its employees, customer service representatives, sales agents, and other persons for handling warranty claims or otherwise repairing bonded leather furniture during the Class Period, including any memoranda, sales directives and the like.

26.   All documents that reference or concern your corporate or management-level decisions and determinations regarding expected warranty claims, expected other claims, the processing and handling of warranty and other claims, and the processing and handling of repairs during the Class Period, including any forecasts, spreadsheets, summaries, studies, directives and the like.

10

27. All documents that reference or concern your policies and/or procedures regarding or related to processing and handling warranty and other claims as well as repairs of bonded leather furniture sold during the Class Period, including any policies or procedures for handling claims at different levels and showing responsibility for decision-making during the process.

28. All documents that evidence your reserve or other accounting for expected warranty claims, repairs, and the like from its sales of bonded leather furniture during the Class Period. Included in the foregoing, any documents that evidence changes in the referenced reserve or other accounting used to address expected claims, repairs, and the like.

29. All documents regarding your decision to either recall or stop selling bonded leather furniture.

30. All documents that identify all manufacturers, wholesalers, distributors or other purveyors of bonded leather furniture offered for sale or sold by you during the Class Period.

31. All written agreements or written summaries of any oral agreements evidencing any contractual relationship between you and any manufacturer, wholesaler, distributor or other purveyor of bonded leather furniture offered for sale or sold by you during the Class Period.

32. All summaries, statistical reports, data compilations, reports, documents, or otherwise that identify the following:

   a. the membership for the defined "Class" as alleged in Plaintiff's Class Action Complaint dated June 1, 2017;

   b. the total number of sales of bonded leather furniture by you during the Class Period;

   c. the name and address of any and all individuals who purchased bonded leather furniture from you during the Class Period, including the specific furniture purchased, date of purchase and sales prices;

   d. the name and address of any and all individuals who purchased bonded leather furniture from you during the Class Period who then subsequently made a complaint about the bonded leather furniture or made a warranty claim;

   e. the name and address of any and all individuals who purchased bonded leather furniture from you, including the specific furniture purchased, date of purchase and sales prices for whom you subsequently repaired and/or replaced such furniture or for whom you provided credit or reimbursement for such furniture.

33. All documents that reference, illustrate, concern, or illustrate the total sales revenue, EBITDA, and net income of bonded leather furniture recorded and/or recognized by you during the Class Period.

34.   All documents that reference, concern, illustrate, or quantify your total sales (in unit, piece or other similar amounts) of bonded leather furniture during the Class Period.

35.   All internal procedural memoranda regarding the handling of customer complaints regarding bonded leather furniture sold by you.

36.   If different for other types of furniture sold by you, all internal procedural memoranda regarding the handling of customer complaints regarding these other types of furniture.

37.   Any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for the sale or return of bonded leather furniture.

38.   If different for other types of furniture sold by you, any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for the sale of these other types of furniture.

39.   Any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for handling warranty claims regarding bonded leather furniture.

40.   If different for other types of furniture sold by you, any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for handling warranty claims regarding these other types of furniture.

41.   All training materials, policies, procedures, guidelines, employee manuals, memoranda, or other materials prepared or distributed by you during the Class Period relating to the advertising, offering for sale, or sale of bonded leather furniture.

42.   All training materials, policies, procedures, guidelines, employee manuals, memoranda, or other materials prepared or distributed by you during the Class Period relating to handling of warranty claims for bonded leather furniture.

43.   Any advertisements, brochures, pamphlets, or other marketing or solicitation materials prepared, distributed, approved, or employed by you during the Class Period to advertise or market its business or to inform or educate the general public regarding bonded leather furniture sold by you.

44.   Any advertisements, brochures, pamphlets, or other marketing or solicitation materials provided to you by any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

45.   Any and all complaints or demands for arbitration filed by you against any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

46.   All final or default judgements received by you against any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

47.   All settlement agreements entered into by you and any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

12

48. Any and all current and prior exemplar versions of the documents attached to the Complaint, *i.e.*, all Sales Orders (front and back) and all Brochures, in use during the Class Period.

49. All documents identified in your answers to Plaintiff's First Set of Interrogatories, served contemporaneously with this request for production.

50. All documents that contain an explanation of the accounting codes or any other documents needed to understand abbreviations or codes contained in the documents and things produced in response to this request for documents.

51. Documents sufficient to illustrate your document retention, preservation, or destruction policies or procedures in place during the Class Period.

52. All documents that support any of Defendants' affirmative defenses to the allegations of the Complaint.

53. All indemnification agreements or policies of insurance, whether primary, excess, or otherwise, including any reciprocal or trust that you contend covers or may cover Defendants for either defending the allegations set forth in the Complaint or resulting judgment.

54. A "privilege log" setting forth all information required by Florida Rule of Civil Procedure 1.280(b)(5) concerning any and all documents, materials, and/or items requested above to which you object or deny production.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

**ROBERT BLOBNER**, individually and on
behalf of all those similarly situated,

      Plaintiff,

vs

**ARTEMIS MARKETING CORP.** d/b/a
**ROOMS TO GO; ORMOND ATLANTIC
CORP.; ROOMSTOGO.COM, INC.;** and
**R.T.G. FURNITURE CORP.**,

      Defendants.

_____/

**Class Representation**

Case No.:   17-CA-005167

Division:   B

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES

Plaintiff, pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, serves the

following interrogatories on Defendants, Artemis Marketing Corp. d/b/a Rooms To Go; Ormond

Atlantic Corp.; ROOMSTOGO.COM, Inc.; and R.T.G. Furniture Corp., who shall answer them

separately and fully, in writing, under oath, within 45 days.

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff's Notice of
Serving First Set of Interrogatories was **electronically filed** with the Clerk using the Florida
Courts E-Filing Portal, and by **Service of Process,** upon the following parties: Artemis
Marketing Corp. d/b/a Rooms To Go; Ormond Atlantic Corp.; ROOMSTOGO.COM, Inc.; and
R.T.G. Furniture Corp.

        J. Daniel Clark      FBN 0106471
        **CLARK & MARTINO, P.A.**
        3407 W. Kennedy Boulevard
        Tampa, FL 33609
        (813) 879-0700
        (813) 879-5498 (Facsimile)
        Primary email:  dclark@clarkmartino.com
        Secondary email: rsmith@clarkmartino.com

Christopher S. Polaszek (FBN 0116866)
**THE POLASZEK LAW FIRM PLLC**
3407 W. Kennedy Blvd.
Tampa, FL 33609
Telephone:  (813) 574-7678
Primary email:  chris@polaszeklaw.com

Eric Seidel     (FBN 903205)
**MCINTYRE, THANASIDES BRINGGOLD
    ELLIOTT GRIMALDI & GUITO, P.A**.
500 E. Kennedy Blvd., Suite 200
Tampa, FL  33602
(813) 230-4947
(83) 899-6069 (Facsimile)
Primary email:  eric@mcintyrefirm.com

**Attorneys for Plaintiff**

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

**ROBERT BLOBNER**, individually and on
behalf of all those similarly situated,

      Plaintiff,

vs

**ARTEMIS MARKETING CORP. d/b/a
ROOMS TO GO**; ORMOND ATLANTIC
CORP.; ROOMSTOGO.COM, INC.; and
R.T.G. FURNITURE CORP.,

      Defendants.

_____/

**Class Representation**

Case No.:    17-CA-005167

Division:    B

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Plaintiff, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, requests that all

Defendants produce at the office of **Clark & Martino, P.A., 3407 West Kennedy Boulevard,**

**Tampa, Florida,** the following items within 45 days, for the purpose of inspection and copying.

**If you choose to withhold any documents from production for inspection and**

**copying on the grounds of privilege or the like, it is requested that, in addition to**

**identifying the documents so withheld, you state the specific grounds for withholding the**

**documents.**

### DEFINITIONS

A.    The "Class Period" is the period of time beginning on June 1, 2012 (the date that

is five (5) years prior to the filing of the Class Action Complaint and Demand for Jury Trial

("Complaint") in this action) and continuing until the date of your production of responsive

documents.

B.     The term "document" is given the broadest scope and meaning permitted under the Florida Rules of Civil Procedure. The term includes information that is fixed in any tangible medium whatsoever, and includes – by way of illustration only and not by way of limitation – the following: e-mail or other computer or electronic information; notes; correspondence; communications of any kind; facsimiles; telegrams; memoranda; notebooks; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; pleadings and other court materials; press releases; drafts of, revisions to, or translations of any document; tape recordings; records; and dictation tapes. For purposes of these Requests, any document bearing marks on any sheet or side of the document, such as stamped indicia, marginalia, or any comment or notation not part of the original text, is deemed to be a separate document.

C.     The terms "relate," "related to," "relating to," "relate to," "refer," "refer to," "referring," "referring to," "concern," "concerning," and "regarding" mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being chronologically connected to, or mentioning, whether directly or indirectly.

D.     The terms "documents that refer to," "documents that relate to," or "documents related to" a specified topic or topics shall include all documents that mention, describe, discuss, memorialize, concern, constitute, contain, evidence, substantiate, reflect, depict, or refer in any way, whether or not on the face of the document, directly or indirectly, to the specified topic or topics.

2

E.      The term "person" means a natural person, individual, partnership, firm, corporation, association, group, organization, agency, or any other kind of business or legal entity, or the agents or employees of a natural person, individual, partnership, firm, corporation, association, group, organization, agency, or any other kind of business or legal entity.

F.      The term "communication" refers to all meetings, exchanges, conversations, inquiries, discussions, negotiations, agreements, understandings, letters, correspondence, notes, e-mails, voice mails, transmittal of documents, and interactions between parties, whether natural persons or legal entities, through any means.

G.      The term "present" means the latest moment in history.

H.      The terms "you" and "your" refer to Defendants, Artemis Marketing Corp. d/b/a Rooms To Go; Ormond Atlantic Corp.; ROOMSTOGO.COM, Inc.; and R.T.G. Furniture Corp., its predecessors, and all officers, directors, agents, employees, and representatives.

## INSTRUCTIONS

A.      Each Request calls for the production of all responsive documents in your actual or constructive possession, custody, or control; documents to which you have access; or documents you have provided to or that are in the possession, custody, or control of any of your agents, representatives, consultants, or attorneys.

B.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the specific Request to which the documents are responsive.

C.      The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Requests any documents that might otherwise be construed to be outside their scope.

3

D.     The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these Requests any documents that might otherwise be construed to be outside their scope.

E.     Masculine, feminine, or neutral pronouns shall be construed to include other genders as necessary to bring within the scope of these Requests any documents that might otherwise be construed to be outside their scope.

F.     If you are unable to answer or respond fully to any Request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

G.     If any documents cannot be produced in full, produce to the extent possible, specifying the reason for the inability to produce the remainder.

H.     In the event that any document is withheld or is not produced by reason of a claim of privilege, work product, or any other reason, provide a log that sets forth the following: (1) the author or originator of the document; (2) each addressee or recipient of the document or any copy thereof; (3) the date the document bears, or if it bears no date, the date on which the document was made; (4) the title or subject matter of the document and a general description of its contents; (5) the nature of the document (*e.g.*, memorandum, chart, etc.); (6) the document request to which the withheld documents or portion thereof is responsive; (7) the facts that constitute the basis for which such objection is claimed; and (8) the basis or bases for the claim of privilege. *See* Fla. R. Civ. P. 1.280(b)(6).

I.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible. In the event that a claim of privilege is asserted with regard to part of the material contained in a document, clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered

4

in any fashion, identify the reason for and the date of each such redaction or alteration.  The fact and scope of any redaction must be clearly visible on the redacted document.

J.      For each document responsive to any Request that is withheld or is not produced on grounds other than privilege, state in detail the basis or bases for the failure to produce the document.

K.      If any document has been destroyed and would have provided information responsive to any Request, identify each such document and set forth the circumstances of the destruction of each such document, including the identity of the person who actually destroyed the document, the identity of any Person who ordered or directed its destruction, the date and location of its destruction, and any policy or procedure which you contend relates to, allows, compels, or explains such destruction.

5

## ITEMS TO BE PRODUCED

1.  The original customer file for or relating to Plaintiff that includes, without limitation, all correspondence, contracts, emails, notes, invoices, warranties, repair receipts, demands, notices, or otherwise that reference or concern Plaintiff's purchase of bonded leather furniture from you, repairs to such furniture, and complaints made about such furniture.

2.  All documents evidencing any and all statements given by Plaintiff at any time in any form (taped, written, or summarized) regarding the subject matter of the Complaint.

3.  All documents purportedly signed by Plaintiff or containing his handwriting.

4.  All documents sent to or reflecting communications with any third-party regarding Plaintiff.

5.  All documents, including communications, regarding any meetings, discussions, encounters, and/or conversations, whether private or public with Plaintiff.

6.  All documents that relate to the bonded leather furniture purchased by Plaintiff.

7.  All documents sent to or received from Plaintiff.

8.  Documents sufficient to illustrate the corporate, organizational, and ownership structure and management hierarchy of all of your entities selling bonded leather furniture outside the State of Florida.

9.  Documents sufficient to illustrate the corporate, organizational, and ownership structure and management hierarchy of all of your entities selling bonded leather furniture in the State of Florida.

10. To the extent not encompassed by the previous request, documents sufficient to illustrate the business, professional, organizational, reporting, and ownership structure of all of the defendants named in the Complaint.

11. Copies of all advertisements, brochures, pamphlets, or other marketing materials created, approved, or employed by you during the Class Period to advertise, solicit, or sell bonded leather furniture.

12. All demands, notices, complaints, notations from telephone conversations, and other documents evidencing similar disagreements or complaints regarding bonded leather furniture received by you from customers or any other person during the Class Period.

13. All documents evidencing warranty claims on bonded leather furniture sold by you, including notations from telephone conversations, work tickets, and repairperson reports.

14. All settlement agreements entered into between you and any consumer, customer, manufacturer, or distributor of bonded leather furniture.

15. Documents sufficient to illustrate the manner in which customers of bonded leather furniture are identified, counted, tracked or otherwise recorded.

16. Documents sufficient to illustrate the number of pieces of bonded leather furniture purchased by you from manufacturers during the Class Period and for the period of one (1) year immediately preceding the Class Period.

17. Documents sufficient to illustrate the number of bonded leather furniture pieces (or such other item designation as you use in the regular course of your business) sold by you during the Class Period and for the period of one (1) year immediately preceding the Class Period.

18. Documents sufficient to illustrate the number of bonded leather furniture pieces (or such other item designation as you use in the regular course of your business) returned to you during the Class Period.

19. Documents sufficient to illustrate the number of customer complaints made or received by you during the Class Period regarding bonded leather furniture.

20. All warranties issued by you for bonded leather furniture sold to any person during the Class Period. This requests seeks production of the various versions of warranties issued to consumers within the State of Florida, including as were referenced in any terms and conditions delivered to these consumers or as were included in any brochures or other documents of any kind delivered to consumers.

21. All documents that reference or concern any analysis regarding, composition, or testing of bonded leather furniture offered for sale or sold by you during the Class Period.

22. All documents that reference or concern your instructions to your employees, sales agents, and other persons for selling bonded leather furniture during the Class Period, including any memoranda, sales directives and the like.

23. All documents that reference or concern your corporate or management-level decisions and determinations regarding selling or recall of bonded leather furniture during the Class Period, including any forecasts, spreadsheets, summaries, studies, directives and the like.

24. All documents that reference or concern your policies and/or procedures regarding or related to selling bonded leather furniture during the Class Period, including any policies or procedures for disclosing the type of leather being sold and explaining the warranty given by you with the purchase of such furniture.

25. All documents that reference or concern your instructions to its employees, customer service representatives, sales agents, and other persons for handling warranty claims or otherwise repairing bonded leather furniture during the Class Period, including any memoranda, sales directives and the like.

26. All documents that reference or concern your corporate or management-level decisions and determinations regarding expected warranty claims, expected other claims, the processing and handling of warranty and other claims, and the processing and handling of

7

repairs during the Class Period, including any forecasts, spreadsheets, summaries, studies, directives and the like.

27.    All documents that reference or concern your policies and/or procedures regarding or related to processing and handling warranty and other claims as well as repairs of bonded leather furniture sold during the Class Period, including any policies or procedures for handling claims at different levels and showing responsibility for decision-making during the process.

28.    All documents that evidence your reserve or other accounting for expected warranty claims, repairs, and the like from its sales of bonded leather furniture during the Class Period.   Included in the foregoing, any documents that evidence changes in the referenced reserve or other accounting used to address expected claims, repairs, and the like.

29.    All documents regarding your decision to either recall or stop selling bonded leather furniture.

30.    All documents that identify all manufacturers, wholesalers, distributors or other purveyors of bonded leather furniture offered for sale or sold by you during the Class Period.

31.    All written agreements or written summaries of any oral agreements evidencing any contractual relationship between you and any manufacturer, wholesaler, distributor or other purveyor of bonded leather furniture offered for sale or sold by you during the Class Period.

32.    All summaries, statistical reports, data compilations, reports, documents, or otherwise that identify the following:

a.    the membership for the defined "Class" as alleged in Plaintiff's Class Action Complaint dated June 1, 2017;

b.    the total number of sales of bonded leather furniture by you during the Class Period;

c.    the name and address of any and all individuals who purchased bonded leather furniture from you during the Class Period, including the specific furniture purchased, date of purchase and sales prices;

d.    the name and address of any and all individuals who purchased bonded leather furniture from you during the Class Period who then subsequently made a complaint about the bonded leather furniture or made a warranty claim;

e.    the name and address of any and all individuals who purchased bonded leather furniture from you, including the specific furniture purchased, date of purchase and sales prices for whom you subsequently repaired and/or replaced such furniture or for whom you provided credit or reimbursement for such furniture.

8

33. All documents that reference, illustrate, concern, or illustrate the total sales revenue, EBITDA, and net income of bonded leather furniture recorded and/or recognized by you during the Class Period.

34. All documents that reference, concern, illustrate, or quantify your total sales (in unit, piece or other similar amounts) of bonded leather furniture during the Class Period.

35. All internal procedural memoranda regarding the handling of customer complaints regarding bonded leather furniture sold by you.

36. If different for other types of furniture sold by you, all internal procedural memoranda regarding the handling of customer complaints regarding these other types of furniture.

37. Any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for the sale or return of bonded leather furniture.

38. If different for other types of furniture sold by you, any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for the sale of these other types of furniture.

39. Any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for handling warranty claims regarding bonded leather furniture.

40. If different for other types of furniture sold by you, any and all documents concerning any or all of your policies, procedures, or memoranda and guidance provided to your employees for handling warranty claims regarding these other types of furniture.

41. All training materials, policies, procedures, guidelines, employee manuals, memoranda, or other materials prepared or distributed by you during the Class Period relating to the advertising, offering for sale, or sale of bonded leather furniture.

42. All training materials, policies, procedures, guidelines, employee manuals, memoranda, or other materials prepared or distributed by you during the Class Period relating to handling of warranty claims for bonded leather furniture.

43. Any advertisements, brochures, pamphlets, or other marketing or solicitation materials prepared, distributed, approved, or employed by you during the Class Period to advertise or market its business or to inform or educate the general public regarding bonded leather furniture sold by you.

44. Any advertisements, brochures, pamphlets, or other marketing or solicitation materials provided to you by any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

45. Any and all complaints or demands for arbitration filed by you against any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

46. All final or default judgements received by you against any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

47.   All settlement agreements entered into by you and any manufacturer, wholesaler, distributor or purveyor of bonded leather furniture.

48.   Any and all current and prior exemplar versions of the documents attached to the Complaint, *i.e.*, all Sales Orders (front and back) and all Brochures, in use during the Class Period.

49.   All documents identified in your answers to Plaintiff's First Set of Interrogatories, served contemporaneously with this request for production.

50.   All documents that contain an explanation of the accounting codes or any other documents needed to understand abbreviations or codes contained in the documents and things produced in response to this request for documents.

51.   Documents sufficient to illustrate your document retention, preservation, or destruction policies or procedures in place during the Class Period.

52.   All documents that support any of Defendants' affirmative defenses to the allegations of the Complaint.

53.   All indemnification agreements or policies of insurance, whether primary, excess, or otherwise, including any reciprocal or trust that you contend covers or may cover Defendants for either defending the allegations set forth in the Complaint or resulting judgment.

54.   A "privilege log" setting forth all information required by Florida Rule of Civil Procedure 1.280(b)(5) concerning any and all documents, materials, and/or items requested above to which you object or deny production.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Request for Production

was **electronically filed** with the Clerk using the Florida Courts E-Filing Portal, and by **Service**

**of Process,** upon the following parties: Artemis Marketing Corp. d/b/a Rooms To Go; Ormond

Atlantic Corp.; ROOMSTOGO.COM, Inc.; and R.T.G. Furniture Corp.

J. Daniel Clark          FBN 0106471
**CLARK & MARTINO, P.A.**
3407 W. Kennedy Boulevard
Tampa, FL 33609
(813) 879-0700
(813) 879-5498 (Facsimile)
Primary email: dclark@clarkmartino.com
Secondary email: rsmith@clarkmartino.com

Christopher S. Polaszek (FBN 0116866)
**THE POLASZEK LAW FIRM PLLC**
3407 W. Kennedy Blvd.
Tampa, FL 33609
Telephone:  (813) 574-7678
Primary email:  chris@polaszeklaw.com

Eric Seidel     (FBN 903205)
**MCINTYRE, THANASIDES BRINGGOLD**
      **ELLIOTT GRIMALDI & GUITO, P.A.**
500 E. Kennedy Blvd., Suite 200
Tampa, FL  33602
(813) 230-4947
(83) 899-6069 (Facsimile)
Primary email:  eric@mcintyrefirm.com

**Attorneys for Plaintiff**

11

# Case Information

> ## Uniform Case Number: 292017CA005167A001HC
>
> ### Blobner, Robert vsArtemis Marketing Corp.

| 🪪 Summary | 👤 Parties | ☰ Events\Documents | $ Financial |
| --- | --- | --- | --- |

## ☰ Event Information. (Click to show image legend) ⌄

Filter Events Dates:

| From |
| --- |
|  |

| To |
| --- |
|  |

[ ▼ Filter ]

Show [ 25 ▾ ] entries

[ Column visibility ]  [ Excel ]  [ CSV ]

Search: [                    ]

| Select | Event Date ⇅ | Event Description ⇅ | Comment ⇅ | Image |
| --- | --- | --- | --- | --- |
|  | 06/12/2017 | REQUEST FOR PRODUCTION |  | 📄 |
|  | 06/12/2017 | NOTICE OF SERVICE OF INTERROGATORIES |  | 📄 |
|  | 06/12/2017 | NOTICE OF TAKING VIDEO DEPOSITION | CORP REP ARTEMIS MARKING AND CORP RED. RR .G.G. DATE AND TIME TO BE DETEMINE | 📄 |

| Select | Event Date | Event Description | Comment | Image |
|---|---|---|---|---|
| | 06/08/2017 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | | |
| | 06/08/2017 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | | |
| | 06/08/2017 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | | |
| | 06/08/2017 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | | |
| | 06/08/2017 | E-FILED SUMMONS ISSUED | X4 - dclark@clarkmartino.com; rsmith@clarkmartino.com | |
| | 06/08/2017 | E-FILED SUMMONS ISSUED | X4 - dclark@clarkmartino.com; rsmith@clarkmartino.com | |
| | 06/08/2017 | E-FILED SUMMONS ISSUED | X4 - dclark@clarkmartino.com; rsmith@clarkmartino.com | |
| | 06/08/2017 | E-FILED SUMMONS ISSUED | X4 - dclark@clarkmartino.com; rsmith@clarkmartino.com | |
| | 06/01/2017 | File Home Location - Electronic | | |
| | 06/01/2017 | CIVIL COVER SHEET | | |
| | 06/01/2017 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | | |
| | 06/01/2017 | COMPLAINT | dclark@clarkmartino.com ; rsmith@clarkmartino.com ; jliza@clarkmartino.com | |

Showing 1 to 15 of 15 entries (filtered from 0 total entries)

Previous | 1 | Next

↻ Return to Search Results (searchResults.html)

© 2017 - Hillsborough County Clerk of the Circuit Court

Case 8:17-cv-01676-JSM-SPF   Document 1-1   Filed 07/13/17   Page 42 of 42 PageID 47